## Case No. 6,436.

HESSIAN et al. v. The EDWARD HOWARD.

[Newb. 522.] [1]

District Court, E. D. Louisiana. June, 1855.

SALVAGE—PARTIES TO LIBEL—COSTS.

1. It is the duty of salvors in bringing suit for salvage, to make all the co-salvors parties, otherwise the court cannot do full justice to all concerned.

[Cited in McConnochie v. Kerr, 9 Fed. 60; A Lot of Whalebone, 51 Fed. 925.]

2. Where a few of the salvors present themselves in court, conceal from the court the names of others, who equally participated in the salvage services, the court would feel bound to dismiss their libel.

3. Where a fair and liberal allowance as salvage is tendered to the libelants or their proctors, the court will be bound to decree costs against the libelants, to be paid out of their distributive share.

[Cited in Lubker v. The N. H. Quimby, Case No. 8,586.]

[This was a libel by William Hessian and others against the steamboat Edward Howard, for salvage.]

Mr. Egan, for libelants.
Mr. Hunter, for respondent.

McCALEB, District Judge. The proceedings in this case are irregular. The libelants are seven of the crew of the steamboat Iroquois, which went to the aid of the Howard while she was on fire near President's Island, in the Mississippi river. They set forth their meritorious services in saving the burning boat and cargo; and if the allegations of their libel could be taken as true, they alone were engaged in the salvage service; they alone were instrumental in saving the boat and cargo from impending peril. The difficulty and confusion which a libel like this will necessarily create in cases of this nature, are apparent. It is impossible for the court to do justice to all parties concerned, when the few who present themselves, conceal from it the names of others, who equally participated in the salvage service, and are therefore equally entitled to share in the compensation which the law allows. It is the duty of salvors, in bringing suit for salvage compensation, to make all the co-salvors parties. This they are required to do at least in general terms, to enable the court in one final decree to do full justice to all concerned. Another and most important reason for the strict enforcement of this rule, is to be found in the necessity of avoiding a multiplicity of suits. I have no hesitation, therefore, in saying that if I were to confine myself to this case as it now stands before the court, I should feel bound to dismiss the libel. The proctors for the respondent, however, have brought to the knowledge of the court, the fact, that the insurance company to which the boat and cargo saved have been abandoned, have amicably agreed to pay to the salvors a fair and reasonable compensation for their services. An arrangement has already been effected with the master of the Iroquois, by which this compensation can be distributed among the officers and crew of that boat. Whatever may be done hereafter to meet the wishes and expectations of the other salvors, it is in evidence that a proposition was made to the proctor of the libelants in this case, to pay them what was deemed a fair and liberal proportion of the compensation thus awarded by the insurance company. The quantum of the whole compensation has been allowed upon the principles of the case of Montgomery v. The T. P. Leathers [Case No. 9,736], decided by this court. The facts and circumstances as detailed by the evidence in that case, would render the decree of the court, a fair criterion for its action in the one now under consideration. The two cases are strikingly similar, and certainly I have heard no evidence adduced on behalf of the present libelants, which would induce me, if all the salvors were now before the court, to award them a higher compensation than was allowed in the case of Montgomery v. The T. P. Leathers [supra]. The respondent has, through its proctors, offered to deposit in court for the benefit of the libelants, a fair proportion of the whole compensation allowed. It is for this court to say what that proportion should be. Without proceeding to make a distribution by shares, which cannot be properly effected in the absence of evidence showing the whole number of salvors and the various positions they occupied on board the Iroquois, I am satisfied that the amount which was tendered to the proctor of the libelants, would be a fair and liberal compensation for at least a portion of his clients: for according to the evidence, a distinction should be drawn between those who shipped at New Orleans and those who shipped at Memphis. The former were among the first who went to the assistance of the Howard, and the latter embarked in the salvage service after much had already been done for the rescue of the boat and cargo from impending peril. To the former I shall award the sum of $50 each, and to the latter $30 each; the costs to be borne by them all, according to the rate of compensation here allowed. It is with reluctance that I require of salvors the payment of costs; but as the case now stands before the court, no other judgment can be properly given. The court cannot be responsible for irregularities committed in the institution of suits of this nature, which, like suits in equity, should embrace all as parties, who are interested in the final decree.

The amount agreed upon as a salvage compensation between the master of the Iroquois and the underwriters, is $10,000. This has been paid over to R. Yeatman & Co., agents of the boat. If the amount be divided be-

1 [Reported by John S. Newberry, Esq.]

tween the owners of the Iroquois and the salvors equally, according to the decree of this court in the case of the Leathers, there will remain .$5,000 to be divided among the crew of the Iroquois. Three fourths of the whole property saved was secured, it is said, before the boat went to Memphis and discharged her upward cargo. She there took on board some additional hands,' among whom were four of the present libelants. There were, it appears, about sixty people in all on board of the Iroquois, and of these forty-four or forty-five were firemen or deck hands. The libelants in this case were all firemen. The sum of $50 each awarded to the three who were shipped in New Orleans, and the $30 to each of those four who were shipped at Memphis (in all $270), will give the libelants, even after paying the costs, more than can be paid to the others of the crew according to the rule of apportionment already established. In cases like the present, a very large proportion of the salvage compensation must necessarily be awarded to the salving boat, inasmuch as it was mainly through the admirable equipments—the apparatus of such boats as the Robb and the Iroquois, that the exertions of the salvors were rendered effectual. The decree will be entered and the amount herein awarded will be paid over by the clerk out of the sum deposited in the registry of the court. No proctor's fees to be deducted from the amount so deposited.